

**J. MORGAN LEVY FIRM, PLLC**

**24 N MAIN ST, STE 2**
**FAIRPORT, NY 14450**

February 19, 2026

**Filed via ECF**

Hon. Elizabeth A. Wolford
Chief United States District Judge
Kenneth B. Keating Federal Building
100 State Street
Rochester, New York 14614

RE:    Case No. 6:23-cv-06263, Mary Smith, et al., v. Roberts Wesleyan College, et al.
       <u>Request for Dismissal of Jane Anderson Pursuant to Rule 25(a)(1)</u>

Dear Judge Wolford:

I respectfully write to address the status of Plaintiff Jane Anderson's role in the above captioned matter following her death and to request her dismissal from this action pursuant to Federal Rule of Civil Procedure 25(a)(1). Because this is my first case in which a client passed away before the case has been fully dismissed, I did seek guidance from an estate attorney and the court clerk and strove to follow it. I sincerely apologize to the Court for not seeking appropriate relief within the applicable timeframe. The omission was inadvertent, and I regret any inconvenience to the Court or the parties caused by the delay.

In this matter, Ms. Anderson made claims against three defendants, Roberts Wesleyan College, Mr. Broberg, and Mr. McCrady. Before Ms. Anderson's death, she had fully executed a settlement agreement with Roberts Wesleyan and Mr. Broberg - which was also fully satisfied. After her death, her only remaining claims were those against Mr. McCrady, which her estate representative declined to pursue (*see* dkt. 52-1).

Loc. R. Civ. P. 41(a)(2) stipulates that actions initiated on behalf of decedents' estates may not be settled, compromised, voluntarily discontinued, dismissed, or terminated without an application to and approval by the Court. However, this provision appears to be at odds with Rule 25, which specifies that, upon a party's death, a motion for substitution must be submitted within ninety (90) days following service of a statement noting the death; failure to do so results in dismissal of the action by or against the decedent, pursuant to Fed. R. Civ. P. 25(a)(1).

I am unsure whether the Court would prefer that I bring a motion consistent with Loc. R. Civ. P. 41(a)(2) to substitute Ms. Anderson's estate representative on the stipulation of dismiss for all of her claims or prefer to dismiss the claims pursuant to Fed. R. Civ. P. 25(a)(1).

Hon. Elizabeth A. Wolford
February 19, 2026
Page 2 of 2

In either case, we understand the representative of Ms. Anderson's estate, as well as the attorney for the estate, wish for Ms. Anderson to be fully dismissed from this action and will follow whatever direction the court gives.

This request is made solely to bring the record into procedural compliance and does not seek any substantive relief beyond that expressly contemplated by the Federal Rules.

Thank you for the Court's consideration of this request.

                                    Respectfully submitted,


                                    J. Morgan Levy, Esq.